Good morning, your honors. My name is Clifford Barnard, and I'm here on behalf of R. G. Reynolds, the appellant defendant in this case. The issue I'd like to address to the court is the first issue presented by Mr. Reynolds, which is a question of whether or not his continued probation would in fact be a violation of the double jeopardy clause. Can I interrupt you here, because I have a question that I think is a threshold one. How do you get here? How does this court have jurisdiction over this? It seems to me that Judge Reel, on June 10th, denied your motion to be relieved from probation. You didn't file your notice of appeal until July 7th or 8th. Now, you filed a motion for reconsideration, but I think under, I think it's record 43, Judge Reel wrote on the top of that, deny no just cause or no good cause. My interpretation of his order is that he was denying your request for, to file your motion for reconsideration. And if that's the case, is your notice of appeal on time? I don't think that he, I don't think that Mr. Reynolds needs to have permission to file a motion for reconsideration. He can request reconsideration, and I thought it was denied. And the motion for reconsideration was denied as without just cause. And then the notice of appeal was filed afterwards, thus getting it to this court. Well, that makes, then anytime you want, you file a motion for reconsideration, and then the notice for appeal time starts running anew. I mean, I don't see in his order, it says deny no just cause. And he's denying your motion for reconsideration. And that's not what you're appealing from. You're appealing from, aren't you, the motion for an order for discharge from probation, which was, and that was entered June 10th? That is correct. It is the appeal from the original motion, which then was asked for reconsideration, which was denied. And I was not representing Mr. Reynolds at that time. He was pro se, so I hadn't looked at these time frames. But it was my understanding that he then filed a timely notice of appeal after the motion for reconsideration was denied. The question, I guess, may be asked a different way. The notice of appeal, was it timely with respect both to the denial of the motion for reconsideration and to the earlier motion denying discharge from probation? Was it within the requisite amount of time for both of those, or only the second one? I'm not completely sure how to answer that. I believe that the notice of appeal... Three things happened. There's an order denying the motion for discharge denied. Correct. Okay. Then if you had filed a notice of appeal from that, the question wouldn't be coming up, right, if you just filed that. So is it timely with respect to that, ignoring whether there was a later motion for reconsideration? I think the issue would be if Mr. No, no. Just answer my question in terms of time. Is it within the requisite number of days from June 10th that the notice of appeal was filed? The notice of appeal was filed in July, and I'm sorry, I don't know the answer, because I'd have to look to see whether or not this would be considered a civil matter, thus giving Mr. Reynolds 60 days, or if it would still be considered, because it's a question of restitution. Well, isn't it still within 30 days of June 10th, or not? That's, I guess, the question. I believe it is not within 30 days of June 10th. Okay. So, but it would be within the period from the denial of the motion for reconsideration. We do have cases, I think, that say that if a notice of appeal is timely only with regard to a denial of reconsideration, that all we can look at is whether the reconsideration was an abuse of discretion or not. But if it's timely with respect to the underlying thing, we can look at both. So it does make a difference as to what we can look at, I think. It certainly could. Unfortunately, I didn't even look at this issue, so I haven't looked at the times or what would be or wouldn't be the appropriate time frames to apply to the case. I simply haven't looked at that, so I don't know the answer. If the court does have the right to listen to this case, the question that would be before the court for this issue of double jeopardy would be whether or not Mr. Reynolds, at the period from 1998 until 2003, was in fact on both probation and parole at the same time, or whether he was only on parole during that period of time. It seems to me, when you look at the district court's order, that it's awfully clear that the district court intended to run the probation on counts 12 and 13 consecutively to the rest. Because of the way he phrased it, I can see an argument that there's a little question, because he didn't say consecutively to the sentence on counts, the rest of the counts. But it seems perfectly clear to me that that's what the court intended, and the court, when given a direct opportunity to say so, said that's what he intended. And that goes to the second issue, which is whether or not the consecutive was supposed to be consecutive to his release from prison or consecutive to the end of the entire sentence. And that's the second issue. Well, but he never in his judgment ever said consecutive to release from prison. And a sentence includes parole. It's just hard for me to track. And I understand what the Court is saying, and that's part of the reason why I'm addressing the double jeopardy issue, as opposed to the Court's intent, which actually goes to the second issue. With regard to the double jeopardy issue. It's the same question, isn't it? I don't believe so. Because whether or not the Court intended for probation to run after parole was over doesn't necessarily resolve the question as to whether or not mistakenly possibly. But, in fact, Mr. Reynolds was placed on probation. So that if the probation department, misunderstanding the Court's order, placed Mr. Reynolds on probation in 1998, despite the fact that the Court intended him to be on probation later. So the question is whether or not Mr. Reynolds was reporting to the parole commission. Because Mr. Reynolds was also on parole. That's certainly correct. But there's nothing to indicate that they thought or anybody else thought he was actually on probation except him, after the fact, when it looked like it would be advantageous. In the supplemental record, which I submitted to the Court, there were agreements that were signed by Mr. Reynolds and, in fact, by the probation officer, in which they specifically called them conditions of probation and supervised release. Well, it seems to me, then, the question comes to this. If the judge intended that he serve parole first and then probation, then the payments that he made during parole that were supposed to be during probation, it seems to me the question comes down to whether the government is somehow now estopped from claiming that he wasn't also on probation. Or, if not, then he paid some money early and he needs to be given credit for it so he doesn't double pay. But I don't know why that becomes a constitutional problem. If he has parole first and then probation and he paid money early, he pays for five years, he's done paying. It doesn't matter what label is on it, does it? It does very much so because he was not just voluntarily making those payments. No, of course not. That's why he gets credit for them towards the ultimate five years. But the only way by which the government was able to require him to pay that money, which the probation department did do, was if he was on probation. Why? Because if it were imposed, if restitution were imposed under the VWPA, it has nothing to do with being on probation. But if the restitution were imposed pursuant to the Federal, the FPA, then it certainly would be. I agree, but it doesn't have to be. It can be imposed under either one. And it's clear from the PSR and from later stuff that it was probably imposed under the VWPA, in which case there's no argument that anybody could have, that he made any payments that he shouldn't have made. The problem here is that the evidence is actually contradictory with regard to whether it was the FPA or the VWPA, because the judgment that the district court handed down specifically talked about it as being a special condition of supervision. Which he later changed, and his order is a flat order, his amended order of May 3, 1994. It's just a flat order that the defendant pay restitution in an amount of $420,995, period. Not as a condition of probation. So that's the operative order. Except for that order also that it didn't change anything other than the terms of the supervision. No, it doesn't. It doesn't. I'm sorry. It doesn't. It just says, as hereby ordered, the judgment in probation commitment order filed in this matter shall be amended to provide that defendants shall pay restitution in the amount to the victims. I mean, that's a flat order, which doesn't make it conditioned on probation. So it seems to me that's consistent with the VWPA. The keep going. We've run out of time. Maybe a couple of extra minutes. In addition to what the judge and the judge's intention may have been, however, we do have what the probation department did. And what the probation department did was they had him sign on to two different sets of contracts. One was in 1996, the contract which placed him on parole, which had certain terms and certain conditions. But then in 1998, when he was released, they had him sign and sign several times, specifically a contract talking about conditions of probation and supervised release. He was not on supervised release. And in the conditions of probation, it talks about specifically it is the order of the court and any special conditions set forth by the court which only can be done pursuant to probation. So there were contracts that were signed by him with probation showing that he was, in fact, placed on probation. Unfortunately, at this point, I think that because no hearing was held down in the district court, we have not been able to fully develop the evidence to subpoena the evidence from the probation department to see if, in fact, probation reports were made in addition to the reports that were made and sent to parole. So if nothing else, if the court feels that the evidence isn't sufficient to show he was on probation, I would request that it be remanded to the district court so that I could get the discovery to determine whether or not, in fact, there were probation reports, too, because that would then fully resolve the question as to whether or not he was on probation. Thank you very much. Okay. Thank you. Mr. Silber. May it please the Court. Eric Silber on behalf of the United States. I'd like to address the jurisdictional question first. I believe under 18 United States Code Section 3564C, the defendant has the ability to seek modification of the terms of probation at any time. So I think in this case, the mere fact that there had been an initial denial didn't prevent him from going back to the district court and asking the court to reinsert that anew and allow the defendant to then appeal from that decision. So I think the terminology of that provision, which doesn't place any time limits on the defendant's ability to seek modifications of the terms of probation, allows him to appeal essentially the reconsideration order, but the reconsideration order embodying the merits of his original decision. Doesn't that section say it has to be according to the federal rules of criminal procedure? And what rule is there that he's asking for under the federal rules of criminal procedure? Well, if I may get the – as I look at the section. Actually, if I may, you can get the other book. Sure. I believe the rules of criminal procedure do provide for review of probation. Is it Rule 32? 32-1. Well, I'm not entirely sure what the jurisdictional problem is. But if it is that an appeal wasn't taken within 10 days of the actual order. The June 10th order. The June 10th order was rather taken from the motion to reconsider, which was on June 30th. Then it may not be a timely appeal, if I understand it. That's the argument, as I understand it. But if I – if I understand you and it would be my sense that if there is a timely appeal from a motion to reconsider, and we do consider that, obviously, an abuse of discretion on the motion to consider would be any error of law. So we can consider whether there was any error of law, right? Yes, although I do actually think there's a factual question embedded in what defendants are arguing on appeal, which is the issue of whether he's on probation. I mean, that's actually whether he was in fact on probation. No. Well, I understand. But what I guess I'm saying is whether or not the motion to reconsider brings up everything that went before it, we would be looking at the question of whether there was double jeopardy, I suppose. I think that's right under either – under either motion. I mean, if there had been a double jeopardy violation, I think it still would be permissible to grant the – or to reverse the district court's decision on the motion for reconsideration. Okay. And I think ultimately, although this is kind of an odd procedural posture because of the failure to appeal the original decision and the request for reconsideration, which was made at a significantly later date, I think ultimately the Court would reach the merits of the motion for reconsideration in any event. So I do think it's appropriate to turn to the merits of his double jeopardy question. Okay. Well, the merits are a little bit of a mess. So how do you straighten it out? Well, I think first the argument the Defendant has focused on here at Oro Lodge, you know, has addressed the issue of whether he was in fact on probation. And I think it's important to look at what the probation office actually said in the district court, which is at ER 36, which was that he was. Quote, it is the interpretation of the probation office that the court ordered the probation term to run consecutively to the completion of the incentives imposed on the other counts. Therefore, because Mr. Reynolds is on parole on the other counts, probation has not been activated, unquote. It was an unambiguous and unequivocal statement by the probation office that it hadn't activated probation in this case. It simply had not been done. And the only evidence that the Defendant really argues on appeal on this point is his request to take judicial notice of probation standard form 7A, which the probation office provided him. Well, the other issue that he raises is the payment of restitution, which is described at least in one quarter as being a condition of probation that he paid for five years, that he paid restitution at a certain monthly amount. What do you make of that? I think first it's important to look at the conditions of parole that were provided to the Defendant, and we asked the court to take judicial notice of the conditions in the first page of the parole certificate provided in the district court. And at Government's Excerpt of Record 220, we cited the condition on restitution. It states, quote, you shall make a diligent effort to satisfy any fine, restitution order, court order, or assessment, and or court order, child support, or alimony payment that has been or may be imposed and shall provide such information as may be requested by your probation officer relevant to the payment of the obligation. In other words, if you are unable to pay the obligation in one sum, you will cooperate with the probation officer in establishing an installment payment schedule. I think that's what happened here. I think it's also important to look at the parole reports that the government attached and ask the court to take judicial notice of, because I think when you look at the conduct of both the probation office and the parole commission in those reports, it's apparent that the defendant is paying restitution as a condition of parole. First of all, in each of those reports, the probation office reports to the parole commission on defendant's satisfaction of restitution. There would be no reason to do that if the defendant wasn't paying restitution as a condition of parole. I mean, the parole commission wouldn't care if it wasn't a condition of parole. I think what's more important is that in each of those reports, the probation office asks that the parole commission keep the defendant on supervision, and parole, so the defendant can pay the restitution order. That seems to me to be a clear statement by the probation office that this restitution payment is as a condition of parole. I think if you look at each of the parole reports, the probation, excuse me, the parole commission concurs with that conclusion. And in fact, the government's extra to record 230, the parole commission said, I concur since there appears to be a need for supervision to enforce restitution payments. I think both the probation office in this case and the parole commission acted as if restitution was paid as a condition of parole pursuant to this express condition that government's extra to record 220. So I think ultimately, the parole commission, as we indicated in our brief, has discretion under 18 United States Code 4209 to impose conditions of parole. This court in Martin said there's wide discretion in that, and that's ultimately what happened in this case. So I mean, I think there's no need to reach the issue of which statute governs parole. But I think even if the court were to reach the question and look at whether it was the Federal Probation Act or the Victim Witness Protection Act, under either act, it would be permissible in this case. I mean, again, if it's the Federal Probation Act that governed the case, the parole commission is free to set whatever conditions it wants. If it's the Victim Witness Protection Act that governs this case, then it's automatically a condition of parole under 3579G. That's what the Victim Witness Protection Act provides. And I think in defendant's reply brief, there was a discussion about special terms of special conditions of probation, and that's also mentioned in argument here today. I think it's important to note that there's really no difference between a special condition of probation functionally. I mean, a general condition of probation under Central District Rule 10.1 is simply something that is imposed as a matter of general order by the district court. So an example would be General Order 318. That's automatically imposed to supervision. A special condition under Rule 10.2 is simply any other condition. So restitution always would be a special condition of parole. So I don't think there should be magic to that terminology. The defendant relies on some wording in Duval which suggests, well, if it's a special condition of parole, it can't be pursuant to the Victim Witness Protection Act. I think it's important to look at what was necessary to decide in Duval. In that case, restitution had been ordered beyond the counts of conviction, which under Huey the Supreme Court held was not permissible under the Victim Witness Protection Act. And so restitution in that case could not possibly have been ordered under that act. The question the court faced was whether restitution could be ordered under the Federal Probation Act, which did not impose a similar requirement. And this court in Duval said that it could. Now, the problem, and what the defendant points to, is that it was a little broader. I see my time is up. May I? Yes, go ahead. We have a couple extra minutes. Well, the problem was the court went further and said, well, it can only be imposed as a condition of probation if it's pursuant to the Federal Probation Act. And that was broader than was necessary for Duval. It would conflict with a broad range of Ninth Circuit precedent, as well as the plain wording of the Victim Witness Protection Act. This court in Rice, in Parrott, and Brani specifically noted, since the probation was in existence in those cases, that restitution could have been ordered under either act, the Victim's Witness Protection Act or the Federal Probation Act. I think it would conflict with the plain wording of the act to suggest that restitution should not be ordered as a condition of probation, since 3579G expressly provides when restitution is ordered under the Victim's Witness Protection Act, it must be ordered as a condition of probation. If it's not possible to award restitution as a condition of probation, that provision is superfluous. I think it's also important to note that the Federal Probation Act has since been repealed. So if taken literally in Duval, if restitution can't be a condition of probation under anything but the Federal Probation Act, after that was repealed in 1987, there's no authority to award restitution as a condition of probation. And that's simply not warranted by the text of the Victim's Witness Protection Act or this Court's precedent. So, I mean, I do think that the courts could have awarded, could have awarded restitution under either act in this case, the Victim's Witness Protection Act, in which it automatically would have been a condition of parole, or the Federal Probation Act, which is to, it's true that the court in that circumstance couldn't order restitution apart from probation, but that doesn't mean the order doesn't exist. I mean, that was the issue in one of the defendant's prior appeals to this court. The question there was whether his property could be sold by the government before probation started. And this court held that it could because his restitution order created a bound deed on his assets at the time of judgment. Same thing here. The restitution order was in existence at the time of judgment. Whether the court could enforce it apart from probation depends on which act was in existence. But whether the Parole Commission could order payment apart from probation was totally within the discretion, unless the Court has any further questions. That's it. Thank you, Mr. Silver. Mr. Barnard, I'll give you a minute for rebuttal. Thank you, Your Honor. The only matter I wanted to address the Court on is this matter regarding the parole and the condition of parole that was placed on Mr. Reynolds in 1996. The parole condition was you shall make a diligent effort to satisfy any fine restitution order, court orders, et cetera. The only restitution order that was there was the court order that the restitution be made as a condition of probation from the original order so that in order for the Parole Commission to enforce the court order, Mr. Reynolds had to be on probation at that time. Thus, when the Parole Commission was enforcing it, they were doing it because there was a valid court order pursuant to Mr. Reynolds being on probation. So that, in fact, rather than going against him, this would also support his claim that he had to be and was on probation at this time. Thank you very much. All right. Counsel, I appreciate your argument, and the matter just argued will be submitted. We'll hear next in Ford Motor Credit versus Siegel. Thank you.
judges: Rymer, Graber, Molloy